Good morning. My name is Arthur Pirelli and I am the counsel for Mr. Dudney. The essence as we stand here of this matter is whether or not it was appropriate to consider the preliminary hearing transcript in order to find that the higher conviction of included an assault with a use of a gun. And the California Court of Appeal relied exclusively on Reed, which stated that the procedural protections that are involved in a preliminary hearing are sufficient to ensure the credibility and reliability of what was relied on. The problem with that is that I would respectfully disagree that a preliminary hearing is the type of a proceeding that has the safeguards that I believe were applied here in a preliminary hearing. The considerations are considerably different. The timing is different. There is some California law concerning use of preliminary testimony to describe the circumstances of the conviction. It might not be applicable to your client's case because of factual dissimilarities, but there is California law, Reed, Guerrero, that says that at the time it was permissible to use a preliminary hearing transcript. Well, in terms of prior conviction is our point. What we would stand on at this point is the fact that as far as the use of a gun, that's not a prior conviction that's referred to here. In your case, he was specifically not convicted of using the gun. Correct. And that's not true about the cases that the California Court of Appeal relied upon and that the states rely upon now. There was a conviction, and they used the preliminary hearing transcript to flesh out the circumstances of the conviction. Here you had a plea agreement, and the state, before he pled guilty, specifically struck the gun allegation. Correct. Which is what I think your due process claim is and why it takes it out of Reed and Guerrero. I'm not sure it's Apprendi. I know there was a COA issued on Apprendi, but also that wasn't a claim that was made, so I don't know how all that fits in either. What I'm saying is that the prior here went outside the record of conviction, and that is similar to Shepard in terms of the fact that you cannot go outside the record of conviction and there was never any conviction or anything referring to the use of a gun in this particular case. Can I? I'm a little bit confused here about timing. This pretrial hearing, when exactly was it held in relationship to the ultimate plea deal? Well, that's one of the difficulties. Well, the preliminary hearing, well, it was all in 1974, and I believe it was within a matter of months. But at that particular time, certainly there was no consideration relative to a strike situation. I understand, but I'm just trying to understand the time frame. The preliminary hearing was not immediately preceding this deal, was it, about to strike the? No. It occurred sometime before. Right? Yes. So I guess what was effective from a due process point of view in considering that hearing in terms of the strike? Because it's our position that you're restricted to what is connected to and involved in the prior record of conviction, conviction being the operative term. But California law seems to say the opposite. You can consider, even though, you know, nobody thought about it, nobody even knew there would be a three-strike court. In fact, the strike situation didn't actually come up until 1999 in this case, based on a 1988 case that the prosecutor had found and entered. And, in fact, when he made a motion to amend, it was denied, and then it comes in in the sentencing aspect of things through the means that they used here. And that's where we feel it. I guess what's the argument, then? That they were outside the record of conviction. Retroactively doing this violates due process, or there was something, assuming it doesn't, there was something in this hearing that made it unfair to use it. No, we're not relying on the hearing. What we're relying on is the fact that they're outside the record of conviction. Okay. Good morning. Justin Riley on behalf of the Warden. May it please the Court. As the State Appellate Court recognized, and it seems that the parties agree, the sufficiency claim depends on whether or not the preliminary hearing transcript was indeed admissible. Mr. Dudney first argues that California misapplied its own law somehow, that that's just not reviewable on habeas. Bradshaw v. Ritchie tells us that if the State ---- The prior conviction has to be either pled and proved as a fact or admitted in a plea agreement or something, doesn't it? I mean, it is, if this is a tried case, you have to plead and prove the prior, don't you, under California law? To be convicted in 1974, yes, it would have had to been pled and proved that he committed every element of the offense. Well, what I'm saying is to be proved as a prior, which puts you into three strikes, in the later trial, do you have to prove as a fact the prior convictions to get three strikes? I believe that's the way California set it up. And so the district court ---- I mean, the trial court in this last conviction made a determination of fact that there had been a prior violent crime, basically. Yes, sitting as the prior fact. Mr. Dudney was actually ---- I was saving this for the end, but Mr. Dudney was given every due process right that he complains he did not get. Well, I guess the thrust of my questioning is to get into EDPA. Is this an unreasonable determination of fact when we're talking about what he was been ---- what he has been convicted of? And there was a bargain made over what he was to be convicted of. And the bargain was that there's no gun allegation in this. That's not what I'm pleading to, and that's not what the judge convicts me of. And if we ---- if a judge later then finds as a fact that, well, it was a conviction for a violent crime, isn't that an unreasonable determination of fact, which is something that can be overturned under EDPA? Not at all. The facts, the determination of the facts were, was he convicted of assault with a deadly weapon? And he was. And then the ---- No, he wasn't. He wasn't. The conviction ---- he's not convicted of ---- that's not the conviction, assault with a deadly weapon. Supplemental excerpts of the record at ---- well, I'm going to go to the first page. A jury convicted defendant ---- What are you reading from? Supplemental excerpts of the record, the appellee's ---- Are you reading an opinion? Are you reading ---- Yes, that's the opinion of the court, which sets forth the ---- Why don't we look at the judgment of conviction? Okay. The court has the exact page number. I guess ---- let's see, what is it? Is it ER59? I'm sorry? ER, exception? 59. And 60. I don't know if that's a charging paper. Where is the conviction itself? I actually have the abstract of judgment from 1974. Okay. What ER is that? I don't ---- I have a ---- Oh, abstract of judgment. Okay. Defendant was not charged and admitted being or was found to have been armed with a deadly weapon at the time of commission of the offense or a concealed deadly weapon. So he was not even charged with that, much less convicted. At the top of that page, the abstract of judgment reads, In case number 16289, count number 1, he was convicted by the court on his plea of guilty to the crime of felony to wit, assault with a deadly weapon. Right. Section 245 of the California Penal Code. That's what it's titled, but that's not what he fled. What he did in the ---- Wait, how do you ---- So what does the statement mean he was not charged with the ---- That means there are special allegations set forth, I believe, in 1974, where if it is pled and proved that the deadly weapon was indeed a firearm, those are enhancements to that count. Well, he had a gun in his possession. I guess his argument was he didn't use it, but he was ---- He was willing to offer, the preliminary hearing says he was willing to offer a plea of guilty to 245bc only on condition that armed and used allegation be stricken. That's right. Those were enhancements. As opposed to possession. Is that the point of distinction? I can't figure this out. The court and the prosecutor were not deciding that he was not in possession of a firearm. They were just deciding that they would not charge him with the extra enhancement of being in possession of a firearm with regard to that count. But if it wouldn't have been enough, would it just be convicted of assault with a deadly weapon? That's right, because it could have been a bat or a knife or a club of some sort. That deadly weapon, if it was pled and proved to be a firearm in 1974, would have been enhancements. What would be the effect? Does it count as a strike if it's assault with a deadly weapon? Well, obviously, in 1974, they didn't have strikes. They didn't have a list of serious felonies. No, I know. I want to know whether it counts as a strike today. So if it does count as a strike today, California, the California court said, and we can't second guess that it does count as a strike if. Wait. Just because it's assault with a deadly weapon? No. Not just because it's assault with a deadly weapon. But if it was assault with a deadly weapon and that weapon happened to have been a firearm, which does not need to be pled and proved at the time. It did not need to be an element of the offense at the time. So if it was a knife. Yes. Okay. Today, that wouldn't be enough for a strike. That's true. So only by using the preliminary hearing do you get the gun, right? We find out what that weapon was, yes. And you're saying California law permits that? Yes, it does. And there's no due process in that? There is no due process. Importantly, Apprendi excludes prior convictions. That line of cases excludes prior convictions. The Shepard case is not clearly established Supreme Court precedent in any regard because it was decided in 2005, three years after the state courts here denied the claim. It was dicta. Part three, discussing any constitutional issues was not the opinion of the court. So we threw out Shepard. That's not even we can't consider that case for habeas review here. So if we look at what he did receive, even if we assume that Apprendi gave him some sort of protection, he received it. We had at the trial court in 1999, 1998, whenever the most recent trial was, we gave him the opportunity to have a jury decide beyond a reasonable doubt whether or not he had been convicted of a serious or violent felony. We gave him that right. Whether or not he gets it, and it's my argument that he does not have that right in this regard, he received it. He waived it.  So the jury found beyond a reasonable doubt that I convicted the serious or violent felony. I want the trial court to do it. And then the trial court in fact did. We see from the court of appeal opinion that he found beyond a reasonable doubt that he possessed a firearm. We don't have concern whether it's the judge or a jury that did it. But what let's say that in 1974 he had actually been charged with the firearm enhancement and it goes to trial and the jury convicts him of assault with a deadly weapon and acquits him of the enhancement. It says it won't won't accept it. Now, today, could we go back and look at the preliminary hearing and say, well, the preliminary hearing testimony is that there was a firearm there, so we think it's a conviction for a firearm, even though the jury found that it wasn't. At the very least, because he was offered the opportunity to have a trier fact decide the question, that would have been very strong evidence that it did not occur, that he did not possess a firearm because somebody had already founded it.   I don't know that it's a double jeopardy issue. I do know that there may be some sort of double jeopardy issue there. I don't know that that didn't happen in this case. I don't I haven't researched that particular issue, but I do know that he did receive a fact finder's determination beyond a reasonable doubt of this. And I hesitate to even call it an element because it's a prior conviction. It's a fact of a prior conviction. But even if it got around Apprendi somehow and this was an element, a trier fact did find this element true beyond a reasonable doubt. I guess my question under AEDPA would be whether that's an unreasonable determination of a fact. If it were unreasonable for the judge to find it beyond a reasonable doubt. Well, I can't remember the exact language. But AEDPA requires, you know, either contrary to or an improper application of some Supreme Court decision. Or unreasonable. So if I can paraphrase, this Court would have to find that the trier of fact, which was the judge in this case, which looked at all the evidence of whether or not he possessed a firearm, unreasonably determined that he did possess a firearm. That's right. That he was convicted of a crime.  If he did possess a firearm. Well, a strike under the California Penal Law is a conviction for a violent crime. That's right. Well, so I think he has to be – there has to be a determination of fact that he was convicted of a crime involving a firearm. He had to have been convicted of assault. And why did the Court bother to look at the preliminary hearing? Because the – first of all, we're looking at California law and we shouldn't be. But all California law requires is that there be an assault conviction. Every element of assault with a deadly weapon was met. Because he admitted it.  There was no finding that it was not a firearm. But he just did not admit that it was a firearm. Later, California law – And he's convicted on his plea. He's convicted on the basis of his plea. That's right. Later, California law established that if a defendant is convicted of assault with a deadly weapon and that weapon happened to have been a firearm, then that is a serious felony. It did not establish that that conviction had to be – he had to admit or that the prior fact found that it was a firearm. That's what California law did. You're talking about the Reed case. But Reed did not involve a plea agreement as here where it was specifically stricken from the indictment and specifically stated that he did not – he was not charged with even having a firearm. I cringe again because we're getting into California law. The state appellate court said that this was all permissible. Right. Well, it doesn't really matter. But I do – I'm not saying you're relying on case – I do direct you to page 6 and 7 of Appellee's Excerpt to the Record. Okay. You cringe because we're getting into California law. You're the one who raised it. You're the one who started arguing the Reed case. You're making me cringe. I agree. I don't think we should be talking about the state law at all. But I do direct you to – I see my time is up. We're really talking about the facts here is what we're really talking about. In what regard? Well, we have to apply it. Anyway, your time is up. I have a question. You made a statement, maybe. One can be found guilty for a strike. Let's assume we didn't have this plea, okay? Yes. I just want to understand basic California law. Assume there was a – if he's charged just with assault without a deadly weapon and then you have a finding that the assault also involved a gun, would that be enough? Or do you have to be charged with assault with a deadly weapon and then find that gun? I'm not sure. I didn't research that particular issue because that's not the case we have here. It's a Reed case that you were relying on. I direct you to page 6 and 7 of Appellee's Excerpt to the Record. It involves discussion of a Jackson case where this exact thing occurred. It was a brandishing of a firearm. The brandishing allegation was stricken and then later used against him as a strike. California has done this before. It did it in this case. It said it was okay. That's not the view I have. What case was that? It was the Jackson case cited at page 6 to 7 of Appellee's Excerpt to the Record. All right. Thank you, counsel. Thank you. All right. Dudney v. Sisto is submitted. Do we have any time? Oh, did you want to speak? Okay. He had time, I know. I know I had some additional time, but I will submit it. Okay. Thank you, counsel. United States v. Ramos Soto. Dudney v. Sisto is submitted. We'll take up United States v. Ramos Soto.
judges: Canby, Wardlaw, Trager